## UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH DAKOTA
#### SOUTHERN DIVISION

| | |
|---|---|
| OAKFIELD FARMS SOLUTIONS, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br>vs.<br><br>SEVIROLI FOODS, INC., a New York corporation,<br><br>　　　　Defendant. | CIV. 19—  4074 <br><br>**COMPLAINT** |

Oakfield Farms Solutions LLC ("Plaintiff"), by and through its undersigned counsel, for this Complaint against Seviroli Foods Inc. ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff, a provider of meal boxes and frozen entrees, purchased 55,946 lbs. of Defendant's pre-cooked penne pasta via a South Dakota intermediary company which assembled and packaged the product into entrees for sale and consumption.

2. Defendant's product was shipped to South Dakota, warehoused in Sioux Falls, South Dakota, assembled and re-packaged there, and then re-sold from South Dakota via the intermediary.

3.  Defendant, as a manufacturer and purveyor of pre-cooked pasta, made express and implied warranties and representations about its product, which were not accurate. The breached warranties harmed Plaintiff, through damage to its goodwill, damage to the product, and other direct and consequential harm. Such conduct constitutes a violation of the express and implied warranties of merchantability, which are extended to third-party beneficiaries (such as Plaintiff) under the Uniform Commercial Code ("UCC") as adopted under S.D.C.L. 57A-2-318. Plaintiff seeks monetary damages, and/or any other relief this Court deems just and proper, including a judgment in equity for Defendant's unjust enrichment.

## JURISDICTION

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) based upon diversity of the parties. This is a civil action between corporate citizens of Delaware and New York, with their respective principal operations in Texas and New York. The amount in controversy greatly exceeds $75,000.

5.  The Court has personal jurisdiction over Defendant. Defendant has transacted ongoing business in South Dakota, maintained substantial

contacts in South Dakota, and committed overt acts in South Dakota in furtherance of the conduct that forms the basis of these claims.

## VENUE

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff is a limited liability company formed under the laws of Delaware with its principal place of business in Grapevine, Texas. Plaintiff provides innovative and tailor-made entrees and shelf-stable meal boxes for various airlines.

8. Defendant is a corporation incorporated under the laws of New York with its principal place of business in Garden City, New York. Defendant is a manufacturer, purveyor, marketer, and seller of Italian pastas, desserts, and sauces.

## FACTS

9. On or about June 13, 2016, Defendant issued a Product Specification Sheet for its pre-cooked penne pasta product.

## Defendant's False Warranties About
## Its Pre-Cooked Penne Pasta

10. The Product Specification Sheet warranted that this frozen, "pre-cooked" pasta was made with "semolina flour dough molded in a penne shape" that, when cooked, should have a texture that is "'[a]l dente,' tender to the bite, but firm."

11. The Product Specification Sheet further warranted that no more than "ten percent" of an order would contain "broken penne" pieces.

12. Upon information and belief, the Product Specification Sheet for the penne pasta was publicly available on Defendant's website: http://www.seviroli.com/.

13. Defendant further represented on its website that it was "relentless about quality", and that the ingredients of its pasta were "truly superior" and would result in pasta containing "the perfect 'al dente' texture."

## Plaintiff Bought, Packaged, and Stored
## Defendant's Defective, Pre-Cooked, Penne Pasta

14. On or about February 14, 2018, Plaintiff and non-party Grand Prairie Foods, Inc. ("Grand Prairie Foods"), a South Dakota intermediate distributor and co-packer, entered into a Frozen Meal Production

Agreement, whereby Plaintiff agreed to purchase certain frozen food products from Grand Prairie Foods.

15. Defendant was aware that downstream purchasers (such as Plaintiff) assembled and packaged the pre-cooked penne pasta with other food items together into entrees that would be heated and served to airline passengers for in-flight consumption.

16. On or about March 16, 2018, Plaintiff placed an order with Grand Prairie Foods for 22,000 lbs. of Defendant's pre-cooked penne pasta.

17. On or about March 30, 2018, Grand Prairie Foods placed a purchase order with Defendant for 30,000 pounds of pre-cooked penne pasta. Defendant then shipped 30,000 pounds of pre-cooked penne pasta to Grand Prairie Foods' warehouse and packing facility located in Sioux Falls, South Dakota.

18. Although undiscovered yet at that time, the pre-cooked penne pasta arrived at Grand Prairie Foods unusable in the ordinary course.

19. On or about June 1, 2018, Grand Prairie Foods shipped some of the finished entrees to Plaintiff containing the pre-cooked penne pasta. Some finished entrees remained housed at Grand Prairie.

20. Upon information and belief, Plaintiff's co-packer had assembled Defendant's pre-cooked penne pasta into entrees along with other foods in a commercially reasonable manner.

21. Plaintiff stored the finished entrees in cases in its facility as well as with its distributor at a cost.

## Plaintiff Discovers the Defective Nature of Defendant's Pre-Cooked Penne Pasta

22. On or about June 15, 2018, Defendant's pre-cooked penne pasta bearing Plaintiff's trademark, was prepared within entrees in accordance with the directions on Defendant's Production Specification Sheet and served to passengers aboard a commercial airplane.

23. Despite being prepared in accordance with the directions in Defendant's Product Specification Sheet, the flour in the pre-cooked penne pasta fell apart when re-heated, resulting in broken, soft pasta noodles and rendering the pasta unappealing and inedible.

24. Plaintiff's airline customer complained to Plaintiff that Defendant's pre-cooked penne pasta was inferior and unacceptable, and indicated that it intended to seek compensation from Plaintiff due to this fact.

## **Defendant Acknowledges Its Breaches<br>of Express and Implied Warranties to Purchasers**

25. On July 18, 2018, the distributor, Grand Prairie Foods, sent Defendant an e-mail requesting a purchasing credit for the pre-cooked penne pasta it owned (independent of Plaintiff). In that e-mail, Grand Prairie Foods stated the reason for this request was that this pasta was neither usable nor saleable.

26. On July 19, 2018, Defendant sent Grand Prairie Foods a memo that acknowledged the pre-cooked penne pasta was "damaged" and credited Grand Prairie Foods for $13,211.40 in replacement product. This credit amount included $9,841.80 for 10,470 pounds of defective pre-cooked penne pasta and $3,361.60 for finished meal products that contained the defective pre-cooked penne pasta "that cannot be sold."

27. On July 19, 2018, Defendant informed Grand Prairie Foods by e-mail that the replacement product consisted of pre-cooked penne pasta containing a different recipe that was "superior" to the original recipe. On information and belief, the new recipe mainly consisted of a change in the flour ingredient, to account for the fact that pasta with the original flour fell apart when re-heated.

28. In July and August 2018, Plaintiff asked Grand Prairie Foods to request a credit from Defendant so as to reimburse Plaintiff for the harms and losses it incurred because of the defective nature of Defendant's pre-cooked penne pasta.  (Plaintiff has incurred various costs and harms, including:  substantial, unrecoverable costs for the original purchase of the now-unusable and unsaleable meals; unexpected transportation and logistics charges; storage fees for the unsaleable meals; and other costs related to maintaining its goodwill and other damage control.)

29. On August 10, 2018, Grand Prairie Foods sent an e-mail to Defendant noting the now-known concerns about the "integrity of [Defendant's] penne pasta" and requesting a credit for Plaintiff resulting from the June-September 2018 incident.  Defendant refused to provide this credit to Plaintiff.

30. Between August 2018 and the date of this Complaint, Plaintiff incurred further damages, sizable costs, and attorneys' fees, in repeated attempts to resolve this matter.

31. To date, Defendant has not provided Plaintiff with credit in connection with Plaintiff's purchase of Defendant's defective pre-cooked penne pasta.

## Defendant's Defective Pre-Cooked Penne Pasta Harmed Plaintiff

32. At all relevant times, Defendant knew or should have known that downstream purchasers (like Plaintiff) would package its defective pre-cooked penne pasta in entrees (as Plaintiff did) for reheating.

33. As a direct and proximate cause of Defendant's breaches of express and implied warranties owed to Plaintiff, Plaintiff has approximately 1,754 cases of finished entrees that are not saleable; Plaintiff has incurred costs for refunds of the hundreds of entrees that were sold in unusable condition; Plaintiff has incurred unanticipated shipping and logistics costs; and Plaintiff has incurred ongoing storage costs for the unsaleable product.

34. Plaintiff seeks from Defendant all damages related to these breaches, including the costs of materials, production, distribution, attorneys' fees, and warehousing.

35. Further, Plaintiff seeks from Defendant all damages that Defendant's breaches caused to Plaintiff's reputation in the market, goodwill, and relationship with its customers.

36. As a result, Plaintiff holds claims against Defendant, which are detailed below and incorporate the facts above.

## -- COUNT ONE --
## BREACH OF THE EXPRESS
## WARRANTY OF MERCHANTABILITY

37. Defendant represented an express warranty of merchantability in its Product Specification Sheet and on its website that the pre-cooked penne pasta would be fit for its ordinary purpose.

38. Defendant's express warranty that its pre-cooked penne pasta was merchantable was part of the basis of the bargain between Defendant and Grand Prairie Foods.

39. Defendant's express warranty of merchantability extends to Plaintiff, a third-party-beneficiary, as a downstream purchaser of Defendant's pre-cooked penne pasta in accordance with S.D.C.L. 57A-2-318, which provides that a seller's warranty extends to any person who may reasonably be expected to use, consume, or be affected by a seller's goods and who is injured by a breach of the warranty.

40. Defendant breached the express warranty of merchantability because Defendant's pre-cooked penne pasta was not merchantable, in that it was not fit for the ordinary purpose in which such goods are used.  Specifically, Defendant's pre-cooked penne pasta was inedible and unusable for consumer consumption.

41. Because of Defendant's breach of its express warranty, Plaintiff has suffered damages in an amount to be proven at trial, but in any event no less than $228,388.06, plus an additional $670.00 per month hereafter for storage costs.  This total includes at least $46,102.80 for product refunds and other goodwill efforts; $12,750.86 for unplanned shipping and logistics; $73,663.20 for unsaleable product housed in Sioux Falls; $5,360 for storage in Sioux Falls, to date; and $90,511.20 for unsaleable product housed at Plaintiff's operations center.

## -- COUNT TWO --
## BREACH OF THE IMPLIED
## WARRANTY OF MERCHANTABILITY

42. A warranty that goods shall be merchantable and fit for their ordinary purpose for which such goods are used is implied if the seller is a merchant with respect to goods of that kind.

43. At all relevant times, Defendant was a merchant in the sale of pre-cooked penne pasta.

44. Defendant's implied warranty that its pre-cooked penne pasta was merchantable was part of the basis of the bargain between Defendant and Grand Prairie Foods.

45. Defendant's implied warranty of merchantability extends to Plaintiff, a third-party-beneficiary, as a downstream purchaser of Defendant's pre-cooked penne pasta in accordance with S.D.C.L. 57A-2-318, which provides that a seller's warranty extends to any person who may reasonably be expected to use, consume, or be affected by seller's goods and who is injured by a breach of the warranty.

46. Defendant breached the implied warranty of merchantability because its pre-cooked penne pasta was not merchantable, in that it was not fit for the ordinary purpose in which such goods are used. Specifically, Defendant's pre-cooked penne pasta was inedible and unusable for consumer consumption.

47. Because of Defendant's breach of its implied warranty, Plaintiff has suffered damages in an amount to be proven at trial, but in any event no less than $228,388.06.

## -- COUNT THREE --
## UNJUST ENRICHMENT

48. In the event it has no remedy at law, for all or some of its harms, Plaintiff pleads in the alternative that it may recover from Defendant under equitable principles of unjust enrichment.

49. Defendant was unjustly enriched at Plaintiff's expense when Defendant received payment for the pre-cooked penne pasta that Grand Prairie Foods ordered at Plaintiff's behest.

50. Equity and good conscious militate against permitting Defendant from retaining the payment for the pre-cooked penne pasta given its false representations about this product.

51. Plaintiff seeks restitution of the amounts Defendant unjustly received as a result of Plaintiff's purchase of the defective pre-cooked penne pasta.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

A. On Count One, awarding damages in favor of Plaintiff, in an amount to be determined at trial but in no event less than $228,388.06, plus interest and costs;

B. On Count Two, awarding damages in favor of Plaintiff, in an amount to be determined at trial, but in no event less than $228,388.06, plus interest and costs;

C. On Count Three, awarding damages in favor of Plaintiff, in an amount to be determined at trial, plus interest and costs; and

D. Granting Plaintiff such other and further relief as the Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY

Dated this 5th day of April, 2019.

*/s/ Daniel K. Brendtro*

_____
Daniel K. Brendtro
BRENDTRO LAW FIRM, PROF LLC
P.O. BOX 2583
Sioux Falls, SD 57101
(605) 951-9011
dan@brendtrolawfirm.com
*Counsel for Oakfield Farms Solutions, LLC.*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Oakfield Farms Solutions, LLC, a Delaware limited liability company

### DEFENDANTS
Seviroli Foods, Inc., a New York corporation

**(b)** County of Residence of First Listed Plaintiff   **Tarrant County, TX**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Nassau, NY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel K. Brendtro, Brendtro Law Firm, Prof. LLC
P.O. Box 2583, Sioux Falls, SD 57101 - - - 605-951-9011

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☒ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1)
Brief description of cause:
defective product, breach of warranty

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 228,388.06
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 4-5-2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE